## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| EL TORRO INVESTMENTS, LLC ) <br> and REYNALDO UBALLE, ) <br> ) <br>     Plaintiffs, ) <br>  v. ) <br> ) <br> APRIL LIEBERMAN, ) <br> ) <br>     Defendant. ) <br> ) | Civil Action File No. 1:21-cv-04679-MHC |

## COMPLAINT

Plaintiffs El Torro Investments, LLC ("El Torro") and Reynaldo Uballe ("Uballe") (collectively, "Plaintiffs"), by and through their undersigned counsel, allege as follows for their Complaint against Defendant April Lieberman ("Lieberman" or "Defendant"):

## NATURE OF THE ACTION

1. This is an action for fraud in the inducement, breach of contract, fraudulent misrepresentation, quantum meruit, unjust enrichment and injunctive relief arising from Defendant's breach of the parties' agreement that Plaintiffs would pay for certain capital improvements to Defendant's real property in Georgia and Tennessee and then either jointly market those properties on AirBnB or sell the properties with

the parties realizing a split of the profits. Following the capital improvements, Defendant ultimately refused to list the properties for rental or for sale and refused to repay Plaintiffs for the capital improvements despite demand for same. In failing to comply with the agreement, Defendant has improperly retained significant benefit in the form of extensive improvements to her real property paid for by Plaintiffs.

2. By this action, Plaintiffs seek damages in excess of $75,000, exclusive of interest and costs; a temporary, preliminary and permanent injunction prohibiting Defendant from selling, transferring or otherwise conveying the properties at issue; a constructive trust in favor of Plaintiffs; and recovery of their costs and attorney's fees.

## **PARTIES**

3. Plaintiff El Torro is an Ohio limited liability company with a principal place of business at 1715 Indian Wood Circle, Suite 200, Maumee, Ohio, 43537.

4. Plaintiff Uballe is a resident of the State of Ohio and founder and member-manager of El Torro.

5. Defendant is a resident of the State of Tennessee and may be served with process at 208 West Maple Street, Dresden, Tennessee 38225 (the "Tennessee Property").

6. Defendant entered into the subject agreement affecting real property in

Georgia and Tennessee, received benefits from Plaintiffs as to both, and improperly retained such benefits in Georgia and Tennessee.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332 in that Plaintiff El Torro is a citizen of the State of Ohio, Plaintiff Uballe is a citizen of the State of Ohio, and Defendant is a citizen of the State of Tennessee. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. This Court has jurisdiction over Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure and O.C.G.A. § 9-10-91, Georgia's long-arm statute, in that Defendant transacted or purported to transact business in Georgia; contracted or purported to contract to supply services or goods in Georgia; and owns, uses, or possesses real property within this district.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

10. El Torro is an Ohio limited liability company formed in 2006 and operating as a real estate investment company.

11. Plaintiff Uballe is the organizer, founder and member-manager of El Torro.

12. Defendant is an individual residing at and owner of the Tennessee Property, a

single family home, as well as the owner of the real property located at 4827 Springfield Drive, Atlanta, GA 30338 (the "Georgia Property"), a single family home, (collectively, the "Properties").

13. Upon information and belief, Defendant is the listed owner for both Properties.

14. In or about August 2020, Uballe and Defendant verbally agreed as follows:

  a. Defendant would become a member of El Torro;

  b. Plaintiffs would pay for certain capital improvements to the Properties owned by Defendant;

  c. The Tennessee Property would then be listed for rental on AirBnB within two (2) weeks of completion of the improvements to the Tennessee Property;

  d. The Georgia Property would be listed for sale within two (2) weeks of the completion of the improvements to the Georgia Property; and

  e. All profits on the rental and sale of the Properties would be paid to El Torro and then divided equally between Uballe and Defendant.

15. Commensurate with the August 2020 agreement, on or about September 30, 2020, Uballe added Defendant as an authorized signatory on El Torro's bank account.

16. Pursuant to the Parties' agreement, Uballe who had made all initial capital contributions to El Torro, continued to make ongoing capital contributions to El Torro to fund improvements to the Properties.

17. Uballe's capital contributions to El Torro for these improvements exceeded $160,000.

18. Defendant's sole contribution to El Torro was the Properties, subject to the mortgages, taxes, insurance, and needed improvements.

19. Pursuant to the Parties' agreement, Plaintiffs paid $15,146.43 for improvements to the Tennessee Property as follows:

    a.    Check #1001 dated August 26, 2020 in the amount of $381.40 to Braden Stafford for electrical work;

    b.    Check #1002 dated August 28, 2020 in the amount of $2,250 to David Winston of FineLine Painting for house painting;

    c.    Check #1003 dated August 31, 2020 in the amount of $6.59 to Lisa Riels for caulking;

    d.    Check #1004 dated August 31, 2020 in the amount of $45 to Superior Heating & Air for an upstairs unit circuit board;

    e.    Check #1006 dated September 4, 2020 in the amount of $289.74 to David Winston for lumber;

f. Check #1007 dated September 11, 2020 in the amount of $2,166 to David Winston for labor associated with house painting and repairs;

g. Check #1008 dated September 11, 2020 in the amount of $2,166 to David Winston for house painting preparation;

h. Check #1009 dated September 11, 2020 in the amount of $1,400 to Window World for window replacement;

i. Check #1010 dated September 18, 2020 in the amount of $1,300 to Defendant Lieberman for painting;

j. Check #1011 dated September 22, 2020 in the amount of $313 to Jordan Plumbing for kitchen sink repairs;

k. Check #1012 dated September 24, 2020 in the amount of $2.29 to Brannon Stafford for electrical work;

l. Check #1013 dated October 2, 2020 in the amount of $544 to Keith Francis for house painting;

m. Check #1014 dated October 8, 2020 in the amount of $570 to Seth Larrabee for labor;

n. Check #1051 dated October 9, 2020 in the amount of $408 to Keith Francis for house painting;

o. Check #1015 dated October 20, 2020 in the amount of $410 to Seth

<ul style="list-style:none">
<li>Larrabee for labor;</li>
<li>p.   Check #1016 dated November 23, 2020 in the amount of $810 to Defendant Lieberman as reimbursement labor costs paid to Seth Larrabee;</li>
<li>q.   Check #1017 dated December 15, 2020 in the amount of $195.07 to Superior Heat & Air for heating repairs;</li>
<li>r.   Check #1018 dated December 28, 2020 in the amount of $227 to Jordan Plumbing for broken pipes;</li>
<li>s.   Check #1019 dated January 11, 2021 in the amount of $85 to Jordan Plumbing for hot water heater;</li>
<li>t.   Check #1020 dated January 13, 2021 in the amount of $85 to Jordan Plumbing for water heater;</li>
<li>u.   Check #1021 dated February 13, 2021 in the amount of $200 to Jordan Plumbing for frozen pipes;</li>
<li>v.   Check #1022 dated February 21, 2021 in the amount of $483 to Jordan Plumbing for frozen pipes;</li>
<li>w.   Check #1028 dated July 3, 2021 in the amount of $169.34 to Rural King for yard care;</li>
<li>x.   Check #1029 dated July 20, 2021 in the amount of $40 to Jim Stover;</li>
</ul>

      and

      y.    Check #1030 dated September 10, 2021 to Glen Stofleth in the amount of $600 for yard work.

20. Pursuant to the Parties' agreement, the remaining capital contributions, which were in excess of $150,000 and deposited by Uballe were for significant improvements to the Georgia Property (including, but not limited to, a complete HVAC system, yard work, significant renovations, taxes, insurance, and other improvements) as well as the operations of El Torro specifically related to revamping and improving the Properties.

21. Upon information and belief, Defendant, who is not a licensed attorney in any state, held herself out to be a licensed attorney and drafted an operating agreement for El Torro to capture the terms to which the Parties had verbally agreed as set forth above. A true and correct copy of the draft operating agreement is attached hereto as Exhibit A.

22. Despite Plaintiffs' persistent efforts to engage Defendant to finalize the agreement, Defendant repeatedly failed and refused to execute the written agreement and, by October 2021, stopped responding to Plaintiffs completely.

23. Defendant, as owner of the Properties, has realized a significant benefit by Plaintiffs' investments in the upgrade and improvement of the Properties.

24. Defendant, as the owner of the Properties, has improperly retained those benefits to her sole advantage and to Plaintiffs' detriment.

25. Plaintiffs have demanded that Defendant comply with the Parties' agreement or repay Plaintiffs the amounts expended by Plaintiffs for capital improvements to the Properties, and Defendant has refused such demands.

## COUNT ONE – BREACH OF CONTRACT

26. Plaintiffs incorporate by reference the allegations stated above as if fully set forth herein.

27. The agreement respecting the Properties constitutes a valid and enforceable contract.

28. Defendant has materially breached the contract by failing and refusing to list the Properties for rental or sale as agreed.

29. As a result of Defendant's breach, Plaintiffs have suffered damages in excess of $75,000, exclusive of interest and costs.

## COUNT TWO – FRAUDULENT INDUCEMENT

30. Plaintiffs incorporate by reference the allegations stated above as if fully set forth herein.

31. Defendant made false representations to Plaintiffs (including, but not limited to, by way of the draft operating agreement that Defendant prepared) that Defendant

intended to enter into a business relationship with Plaintiffs whereby Plaintiffs would pay for capital improvements to Defendant's Properties and the Parties would then split the proceeds realized from the rental or sale of the Properties.

32. Defendant knew these representations to be false at the time of their making.

33. By these false representations, Defendant intended to induce Plaintiffs to pay for certain capital improvements to Defendant's Properties.

34. Plaintiffs justifiably relied on Defendant's representations by, among other things, paying for certain capital improvements to Defendant's Properties.

35. As a result of Defendants' actions, Plaintiffs have suffered damages in excess of $75,000, exclusive of interest and costs.

## COUNT THREE – QUANTUM MERUIT

36. Plaintiffs incorporate by reference the allegations stated above as if fully set forth herein.

37. By paying for the herein-described capital improvements to Defendant's Properties, Plaintiffs performed or provided services and benefits valuable to Defendant.

38. The services and benefits that Plaintiffs performed or provided were requested by or knowingly accepted by Defendant.

39. Defendant's receipt of these services and benefits without compensating

Plaintiffs would be unjust.

40. Plaintiffs expected compensation at the time the services were provided and benefits were conferred.

41. Because Defendant has failed to abide by the agreement or repay Plaintiffs, equity requires that Plaintiffs be compensated for the benefit conferred on Defendant.

## COUNT FOUR – UNJUST ENRICHMENT

42. Plaintiffs incorporate by reference the allegations stated above as if fully set forth herein.

43. As described herein, Defendant induced or encouraged Plaintiffs to provide capital improvements to Defendant's Properties, which improvements represent value to the Defendant.

44. Plaintiffs provided the benefit of these capital improvements to Defendant with the expectation that Defendant would be responsible for the cost thereof through either profits realized by the rental or sale of the Properties.

45. Defendant knew of the benefit being bestowed upon her by Plaintiffs and either affirmatively chose to accept the benefit or failed to reject it.

46. Therefore, Plaintiffs are entitled to restitution from Defendant or a constructive trust to restore the benefit conferred to Plaintiffs.

## COUNT FIVE – INJUNCTIVE RELIEF

47.     Plaintiffs incorporate by reference the allegations stated above as if fully set forth herein.

48.     Despite the existence of a valid and enforceable agreement, Defendant has improperly retained the benefit conferred on her by Plaintiffs in the form of capital improvements to her Properties, thereby increasing their condition and market value, and failed and refused to list the properties for rent or sale and share the profits of such with Plaintiffs.

49.     Defendant has failed and refused to abide by the Parties' agreement to rent or sell the Properties and divide the revenue or proceeds or to repay Plaintiffs for the amounts invested in capital improvements to the Properties.

50.     As shown by the facts contained herein, unless Defendant is immediately, preliminarily and permanently restrained from selling, transferring, assigning or otherwise conveying the Properties, Plaintiffs will suffer immediate and irreparable injury in that Defendant will solely realize the benefit of the increased market value of the Properties occasioned by the capital improvements paid for by Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

(a)     Enter judgment in favor of Plaintiffs and against Defendant in an

amount to be proven at trial in excess of $75,000, exclusive of interest and costs;

(b) Award Plaintiffs compensatory, general, special and punitive damages in an amount to be proven at trial.

(c) Impose a constructive trust on the Properties in Plaintiff's favor in order to prevent Defendant's unjust enrichment;

(d) Temporarily, preliminarily and permanently enjoin Defendant from selling, transferring, assigning or otherwise conveying the Properties;

(e) Convene a trial by jury on all issues so triable;

(f) Award Plaintiffs their costs and reasonable attorneys' fees in this action; and

(g) Enter such other further relief to which Plaintiffs may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

Dated: November 11, 2021

Respectfully submitted,

*/s/ Kenneth Thompson Jr.*
Kenneth Thompson Jr.
Georgia Bar No. 708706
Vincent Bushnell
Georgia Bar No. 098999

FisherBroyles, LLP
945 East Paces Ferry Road NE
Suite 200

Atlanta, GA 30326
(770) 722-7404
kthompson@fisherbroyles.com
vincent.bushnell@fisherbroyles.com

*Counsel for Plaintiffs*